The Mokry and Tesmer Machine Company v. Commissioner.
Mokry & Tesmer Mach. Co. v. Commissioner
Docket No. 28365.
United States Tax Court
1951 Tax Ct. Memo LEXIS 221; 10 T.C.M. (CCH) 512; T.C.M. (RIA) 51161; May 25, 1951
*221 A petition filed by a dissolved Ohio corporation is a valid petition since, under Ohio law, a corporation continues in existence subsequent to dissolution for the purposes of winding up affairs and of prosecuting and defending suits for or against it. Verification by an officer of such a corporation is sufficient to comply with Tax Court Rules of Practice. Fred J. Schatzmann, Esq., 307 Savings & Loan Bldg., Middletown, Ohio, for the petitioner. Lester M. Ponder, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion This case came on for trial before this Court at Cincinnati, Ohio. At the calendar call respondent filed a motion to dismiss for lack of jurisdiction, which motion was taken under advisement. Findings of Fact The Mokry and Tesmer Machine Company was incorporated under the laws of the State of Ohio, on July 28, 1937, and was dissolved on December 12, 1949. The Certificate of Dissolution was filed in the office of the Secretary of the State of Ohio, and appears in Volume 578, page 538, of the records of that office. The notice of deficiency and disallowance of the claim upon which the present proceeding is based, was mailed *222 by respondent to the petitioner on February 21, 1950, addressed as follows: The Mokry and Tesmer Machine Company 1811 Clayton Avenue Middletown, Ohio
On May 19, 1950, a petition was filed with this Court bearing the caption recited in the notice of deficiency for disallowance of the claim. The paragraph designated "First" of the petition contains the following statement: "The Petitioner is an Ohio corporation with its principal office and place of business at 1811 Clayton Avenue, Middletown, Ohio. The returns for the periods here involved were filed with the Collector of Internal Revenue for the First District of Ohio." Paragraph (a) on page 3 of such petition reads: "The Petitioner is a corporation doing business as an Ohio corporation in the City of Middletown, Ohio, being incorporated as of July 27, 1937." The verification contained in the petition is as follows: "Alpha Mokry, being duly sworn, says that she is the President of the petitioner the Mokry and Tesmer Machine Company and is duly authorized to verify the foregoing petition; that she has read the foregoing petition and is familiar with the statements contained therein; and that the statements therein are *223 true to the best of her knowledge and belief." The petition contains no allegations showing that the once existent corporation known as "The Mokry and Tesmer Machine Company" had been dissolved or that the person who filed the same in the former corporate name was specifically authorized so to do. Opinion VAN FOSSAN, Judge: The respondent has filed a motion to dismiss this proceeding for the reasons that the corporation is no longer in existence; that Alpha Mokry was not properly authorized under the laws of the State of Ohio to file a petition with this Court on behalf of the corporation; and that the petition contains no allegations in this respect. The first question that arises from this motion is whether or not The Mokry and Tesmer Machine Company is still in existence to the extent that it is capable of maintaining this action. It has long been held that: "* * * corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of *224 the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the State which brought the corporation into being." ; ; . Since the petitioner herein was created by and under the laws of the State of Ohio, it is necessary that we examine and interpret the laws of that State in determining petitioner's existence at the present time for the purpose of winding up its affair and its capability of maintaining this proceeding. See . Section 8623-80, Ohio General Code, reads, in part: "Any corporation which shall be dissolved and any corporation whose articles have been canceled shall cease to carry on its business and shall be without authority so to do, but it shall continue for the sole purpose of paying, satisfying and discharging any existing liabilities and obligations, collecting and distributing its assets and doing all other acts required to adjust, settle and wind up its business and *225 affairs, and it may do all such acts and may sue and be sued in its corporate name." Provision is made for the continuance of corporate existence for certain purposes in section 8623-94, Ohio General Code. This section, among other things, provides that: "* * * a dissolved corporation may be sued in its corporate name upon any cause of action which, but for such dissolution, would have accrued against it, all in the same manner and with like effect as if such corporation had not been dissolved; * * *" In construing these two provisions, the courts of Ohio have deemed the dissolution of a corporation, prior to instigation of court action "* * * to be immaterial as under 8623-94 G.C. a dissolved corporation continues to exist for the purpose of liquidation, and by 8623-80 G.C., it is expressly enacted that a dissolved corporation 'may sue and be sued in its corporate name'." Miami Consolidated Tire Co. v. Heier, 20 Ohio Law Abstract 339; H. S. Leyman Co. v. Piggly Wiggly Corp., 45 Ohio Law Abstract 528. Likewise, it has been held that the cancellation of its corporate franchise for nonpayment of taxes has no effect on the ability of a corporation to maintain an action in its corporate *226 name. E.g., ; ; ; ; ; . In view of the foregoing, it would appear that the life of a given Ohio corporation is extended beyond the date of its dissolution for the purpose of closing up its business, and its power is not essentially altered with respect to maintaining any cause of action in its behalf. Moreover, the statute fixed no specific period as the time allowed for such winding up. The length of time so allowed appears to depend upon the necessities of each particular case, and the only restriction is that the board of directors "* * * shall proceed as speedily as may be practicable to a complete winding up of the corporation * * *." Section 8623-82, Ohio General Code. We are of the opinion, therefore, that the redetermination of corporate tax liability for a taxable year prior to that of dissolution falls within the category of acts necessary to the final winding up of corporate *227 affairs, and that the petitioner herein is still in existence for that purpose. Cf. We come now to the subsidiary question of whether Alpha Mokry was authorized, under the laws of Ohio, to file a petition herein on behalf of the dissolved corporation. By section 8623-82, supra, the board of directors of a dissolved corporation is given certain powers and duties which are similar in many respects to those possessed by it prior to dissolution. In addition to setting forth the powers and duties of the directors, this section of the Ohio Code also provides that: "All deeds and other instruments shall be in the name of the corporation and shall be executed by its president or a vice-president, or other officer appointed by the directors, and may be attested by the secretary or an assistant secretary." If we consider this provision along with the provisions set out above, it appears that the officers of a given corporation have the same authority after dissolution to act in behalf of the corporation with respect to prosecuting and defending suits by or against the corporation as before. Under such circumstances, we do *228 not feel that an allegation of specific authority need be made for Alpha Mokry to sign the petition herein any more than would have been true had the corporation been in active existence. Cf. . Generally, corporate officers, in the course of conducting the affairs of a corporation, perform many acts which may be for the best interests of such corporation, "* * * and it would be unreasonable to suppose that every act of regularly constituted officers of a corporation must have specific approval by vote of the board of directors * * *." Cf. . Moreover, this Court has never required a showing to be made of such specific authority when a petition for redetermination of tax liability is filed by an active corporation. See Rule 7 of the Rules of Practice Before The Tax Court of the United States. Although the petition should contain allegations to the effect that the corporation is currently in a state of dissolution, this is a matter that might be properly taken care of by an amended petition and, in view of the foregoing, the fact that it contained no such allegation *229 when it was filed, does not deprive this Court of jurisdiction. Cf. . Accordingly, the proceeding will be restored to the calendar for hearing on the merits. Order denying respondent's motion will be entered.